UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. JOYCE L. NELSON, Ed.D. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOARD OF EDUCATION, | ) |
| COUNTRY CLUB HILLS SCHOOL | ) |
| DISTRICT 160, and | ) |
| SANDRA THOMAS, individually, and as | ) |
| SUPERINTENDENT OF COUNTRY | ) |
| CLUB HILLS SCHOOL DISTRICT 160 | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Introduction

1. This is a civil rights action for damages and injunctive relief pursuant to 42 U.S.C.A. §1983, against her former employer, defendant BOARD OF EDUCATION, COUNTRY CLUB HILLS SCHOOL DISTRICT 160, and Sandra Thomas, individually and in her capacity as Superintendent of Country Club Hills School District 160, to address deprivation, under color of law, plaintiff Dr. Nelson's right to property and due process under the First and Fourteenth Amendments to the United States Constitution. Dr. Nelson's discharge violated her right to freedom of speech under the First and Fourteenth Amendments and 42 U.S.C. § 1983. In addition School District 160 did not notify Dr. Nelson that her employment contract would not be renewed before April 1, 2015, and because Dr. Nelson's employment contract could not be terminated without just cause and due process of law as expressly provided by the terms of her employment contract. The Board of Education, Country Club Hills School District 160, and Superintendent Thomas violated Dr. Nelson's rights to due process by terminating her

1

employment on June 16, 2015.  Additionally, Dr. Nelson seeks damages for defamation of her professional reputation against School District 160 and Superintendent Thomas incident to her wrongful discharge.

2. Plaintiff, Dr. Joyce L. Nelson, Ed.D., was first employed by defendant BOARD OF EDUCATION, COUNTRY CLUB HILLS SCHOOL DISTRICT 160, in the position of "Principal of Meadowview School" on August 22, 2011, for the academic school year 2011-2012, pursuant to the terms of a written employment contract.  Dr. Nelson's employment contract for the position of "Principal of Meadowview School" was routinely renewed for three consecutive academic school years: 2012-2013, 2013-2014 and 2014-2015.

3. On or about March 17, 2015, while working in her position as the Principal of Meadowview School, Dr. Nelson was assaulted and threatened with serious bodily harm by a parent of a student then enrolled at Meadowview School.  Dr. Nelson called the police, signed a formal complaint against the parent for aggravated assault, and informed the assigned Assistant State's Attorney on June 2, 2015, and her Superintendent, Sandra Thomas that she intended to testify against the parent at the criminal trial. Sandra Thomas, acting in her capacity as the Superintendent, disagreed and attempted to improperly force Dr. Nelson to meet with the parent who assaulted her in a "face-to-face" meeting in an attempt to convince Dr. Nelson to drop the pending criminal charges against the parent. When Dr. Nelson steadfastly refused to discuss the pending criminal charges with the parent at the direction of Superintendent Thomas, Thomas recommended to the Schools Board District 160, to withdraw the offer to renew Dr. Nelson's employment as Principal for Meadowview School for the academic school year 2015-2016.  In reliance on Superintendent's Thomas' recommendation that the employment contract tendered to

2

Dr. Nelson five (5) days earlier, the Board of Education for School District 160, withdrew the offer of employment made to Dr. Nelson on June 16, 2015.

Jurisdiction

4. This court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343, in that this is a civil action arising under the U.S. Constitution, laws and/ or treaties of the United States. Pendent jurisdiction on the state claim of defamation is pursuant 28 U.S.C. §1367(a).

Venue

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 1391 (b)(1)(2) and (3) , because the parties all reside in this district, the defendant Country Club Hills School District 160 has a corporate business address of 4411 West 185th Street, Country Club Hills, Illinois and because the unlawful conduct alleged in this action occurred and continues to occur in this district.

Parties

6. Plaintiff, Dr. Joyce L. Nelson, Ed.D., is a resident of Cook County, a U.S. Citizen, and was a resident of Olympia Fields, Cook County, Illinois at the time of the events described herein.

7. Defendant, BOARD OF EDUCATION, COUNTRY CLUB HILLS SCHOOL DISTRCIT 160 (hereinafter referred to as "DISTRICT 160") is an Illinois municipal corporation, headquartered at 4411 West 185th Street, Country Club Hills, Cook County, Illinois duly authorized to operate and manage middle school affairs in accordance with the laws of the State of Illinois.

3

8. Defendant Sandra Thomas, is currently employed as the Superintendent of Schools for Country Club Hills School District 160 and employed in Cook County, Illinois.

## STATEMENT OF FACTS

9. Plaintiff, Dr. Nelson, was first employed by defendant Board Of Education, Country Club Hills School District 160, in the position of "Principal of Meadowview School" on August 22, 2011, for a term of eleven (11) months. Pursuant to the terms of a written employment agreement, the Board or Administrator was required to provide Dr. Nelson "notice" no later than April 1, of the contract year, whether "the Board or Administrator decides not to renew this Agreement at the end of the term". The term of employment under this contract ended on June 30, 2012.

10. On July 9, 2012, plaintiff, Dr. Nelson and defendant Board Of Education, Country Club Hills School District 160 entered into a second employment contract for plaintiff to continue in the position of "Principal of Meadowview School," for a second term of eleven (11) months. Pursuant to the terms of a written employment agreement, the Board or Administrator was required to provide Dr. Nelson "notice" no later than April 1, of the contract year, whether "the Board or Administrator decides not to renew this Agreement at the end of the term". The term of employment under this contract ended on June 30, 2013.

11. On September 11, 2013, plaintiff, Dr. Nelson and defendant Board Of Education, Country Club Hills School District 160 entered into a third employment contract for plaintiff to continue in the position of "Principal of Meadowview School," for a third term of eleven (11) months. Pursuant to the terms of a written employment agreement, the Board or Administrator was required to provide Dr. Nelson "notice" no later than April 1, of the contract year, whether

4

"the Board or Administrator decides not to renew this Agreement at the end of the term". The term of employment under this contract ended on June 30, 2014.

    12. Sometime during September or October 2014, plaintiff, Dr. Nelson and defendant Board Of Education, Country Club Hills School District 160 entered into a fourth eleven (11) month employment contract for plaintiff to continue in the position of "Principal of Meadowview School" for the academic school year 2014-2015. Pursuant to the terms of a written employment agreement, the Board or Administrator was required to provide Dr. Nelson "notice" no later than April 1, of the contract year (2015), whether "the Board or Administrator decides not to renew this Agreement at the end of the term". The term of employment under this contract ended on June 30, 2015.

    13. On or about March 17, 2015, while working in her position as the Principal of Meadowview School, Country Club Hills School District 160, Dr. Nelson was assaulted and threatened with serious bodily harm by D.H., a parent of a student then enrolled at Meadowview School.

    14. Dr. Nelson called the police and directed her staff to also call local law enforcement authorities for assistance. Law enforcement officers quickly arrived at Meadowview School. The parent, DH, was immediately escorted out of the building by a staff member and DH was subsequently arrested by law enforcement officials.

    15. Dr. Nelson thereafter signed a formal complaint against DH. The criminal charges included aggravated assault, disorderly conduct and criminal trespass to a state supported school. At all times, Dr. Nelson informed law enforcement authorities that she intended to testify against DH at any criminal trial.

16. When Superintendent Sandra Thomas subsequently learned that Dr. Nelson had reported the assault and threat by parent DH to law enforcement authorities Dr. Nelson was instructed by Superintendent Thomas to consider withdrawing the criminal charges.

17. On or about April 20, 2015, three (3) days before the scheduled appearance of DH in criminal court to answer to the aggravated assault and disorderly conduct criminal charges filed by Dr. Nelson, DH contacted Superintendent Thomas and reported that her daughter had experienced cyber bullying by several classmates at Meadowview School. Superintendent Thomas thereafter instructed Dr. Nelson to meet "face-to-face" with DH to discuss the alleged cyber-bullying issue.

18. Believing alleged arranged "face-to-face" meeting to be a ploy by DH to improperly confront her about the pending criminal charges, Dr. Nelson advised Superintendent Thomas that she was concerned about her safety and that a court order had been entered prohibiting any conduct between DH and Dr. Nelson, pending the resolution of criminal complaint filed by Dr. Nelson against DH.

19. On April 23, 2015, DH appeared in criminal court and requested a continuance. DH's criminal case concerning the criminal complaint filed by Dr. Nelson was thereafter continued until June 2, 2015.

20. In an effort to circumvent the "no contact" court order, Superintendent Thomas, on or about May 26, 2015, stated that Dr. Nelson had a responsibility to meet with parents as the Principal of Meadowview School and that the "no contact" court order did not apply to this situation.

21. Notwithstanding Dr. Nelson's expressed concerns about her safety and anticipated testimony at DH's criminal hearing, Superintendent Thomas arranged for DH to meet, "face-to-

6

face" with Dr. Nelson on May 28, 2015, in attempt to persuade Dr. Nelson to withdraw the pending criminal charges against DH.

23. On or about May 27, 2015, four (4) days before the next scheduled appearance of DH in criminal court to answer to the criminal charges filed by Dr. Nelson, Superintendent Thomas again arranged a "face-to-face" meeting to be attended by DH and Dr. Nelson. Superintendent Thomas thereafter directed Dr. Nelson to attend this scheduled meeting that was to be held in the Superintendent's Office the next day, May 28, 2015. Dr. Nelson agreed to attend the scheduled meeting, but requested that the Superintendent arrange to have a police officer present during the scheduled meeting with DH to ensure Dr. Nelson's personal safety, or in the alternative, to permit Dr. Nelson to attend the scheduled meeting via conference call.

24. Superintendent Thomas subsequently met with DH on May 28, 2015, without Dr. Nelson's participation.

25. On June 2, 2015, DH and Dr. Nelson appeared again in criminal court for the hearing on the aggravated assault, disorderly conduct and criminal trespass charges filed by Dr. Nelson against DH. During this court appearance, Dr. Nelson again informed the assigned prosecuting Assistant States' Attorney that she (Dr. Nelson) was prepared to testify in-court against DH in support of the criminal charges.

26. At the request of DH, the criminal case against DH was continued and did not proceed on June 2, 2015. The next court date was scheduled for July 30, 2015.

27. The next day, June 3, 2015, Superintendent Thomas scheduled a meeting for Dr. Nelson to appear at the office of the Superintendent on June 4, 2015, at 11:00 a.m. For medical reasons, Dr. Nelson did not attend the scheduled June 4, 2015 meeting.

28. On June 5, 2015, in retaliation for Dr. Nelson's refusal to meet and speak "face-to-face" with DH, Dr. Nelson received a written reprimand from Superintendent Thomas. The written reprimand chastised Dr. Nelson and threatened additional discipline if Dr. Nelson "failed to comply with directives provided. . . . in the future."

29. On June 9, 2015, DH confronted Dr. Nelson at Meadowview School. As a result of this confrontation, local enforcement officers were again called to Meadowview School. This second confrontation with DH caused Dr. Nelson severe emotional distress and anxiety requiring Dr. Nelson to leave her position as principal of Meadowview School for the rest of the day.

30. On June 10, 2015, Dr. Nelson received an email from Superintendent Thomas with an attachment that Thomas described as a "corrected copy" of plaintiff's employment contract to continue as the Principal for Meadowview School for the up-coming academic school year – 2015-2016.

31. On June 16, 2015, at the direction and upon the recommendation of Superintendent Thomas, defendant Board of Education, Country Club Hills School District 160, voted to immediately terminate Dr. Nelson's employment as the Principal for Meadowview School, and further voted to rescind the offer of renewal submitted to Dr. Nelson on June 10, 2015, for the position of Principal of Meadowview School for the academic school year 2015-2016.

32. On June 17, 2015, Dr. Nelson received a letter from Superintendent Thomas informing her that the offer of continued employment as the Principal of Meadowview School had been withdrawn because Dr. Nelson had not signed the contract on or before June 15, 2015.

33. On June 18, 2015, Superintendent Thomas caused Country Club Hills School District 160, to publicly post a "Notice of Vacancy" for the position of Principal of Meadowview Middle School for academic year 2015-2016.

34. Following the vote to by the School Board, Superintendent Thomas falsely told members of the public, administrative staff and teachers that Dr. Nelson had accepted a reassignment to the position of "Assistant Principal" at a different school with School District 160.

35. Beginning in or about August 2015, Superintendent Thomas falsely told members of the public, administrative staff and teachers that Dr. Nelson had "abandoned" her new position as the Assistant Principal of Southwood Middle School.

36. Superintendent Thomas knew and was aware that these statements were false because Dr. Nelson's employment with Country Club Hills School District ended, at her direction, on June 30, 2015, pursuant to the express terms of her 2014-2015 employment contract.

37. On August 11, 2015, Superintendent Thomas, in her position as Superintendent of Country Club Hills School District 160, published via the official website for Country Club Hills School District 160 that Nelson, was the "Assistant Principal of Southwood Middle School."

**COUNT I – *Violation of  42 U.S.C.A. §1983, Deprivation of Property and Violation of Due Process Secured by the Fourteenth Amendment.***

38. That NELSON repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 37 as if fully set forth herein.

39. Dr. Nelson had a property right in her employment as the Principal of Meadowview School because: (1) School District 160 did not notify Dr. Nelson that her employment contract as the "Principal of Meadowview Middle School" would not be renewed at the end of its term on or before April 1, 2015, as required by paragraph 6, of the employment contract; and (2) Dr. Nelson could not be terminated after April 1, 2015, without just cause and without School

9

District 160 following the procedures for discipline and discharge specified in paragraph 14 of the employment contract.

40. School District 160 and Superintendent Sandra Thomas maliciously and recklessly failed to follow the terms of the employment contract when they terminated Dr. Nelson's employment without just cause, in retaliation for Dr. Nelson's filing criminal charges against a DH, a parent, and continuing to inform the prosecutor that she intended to testify at the criminal prosecution hearing of DH.

41. In doing so, defendants' Board of Education, Country Club Hills School District 160 and Superintendent Sandra Thomas, while acting under color of law, deprived Dr. Nelson of her property interest in maintaining her position as Principal of Meadowview School for the remainder of the 2014-2015 academic year and for the up-coming academic school year, 2015-2016.

42. As a result of the unlawful retaliatory discharge by Board of Education, Country Club Hills School District 160 and Superintendent Thomas, Dr. Nelson suffered loss of wages, loss of other employment benefits, loss of professional career advancement opportunities, emotional distress, and loss of job opportunities and was otherwise damaged.

### *COUNT II – Violation of 42 U.S.C.A. §1983, Violation of Right of Free Speech Secured by the First Amendment*

43. That NELSON repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 37 as if fully set forth herein.

44. Dr. Nelson seeks relief from School District 160 and Superintendent Thomas' retaliatory discharge of Dr. Nelson based on Dr. Nelson's complaints to the police about DH's assault and threat while serving in the position as the Principal of Meadowview School and Dr.

Nelson refusal to meet and talk with DH in a face-to-face meeting while the criminal charges filed by Dr. Nelson remained pending and unresolved.

45. Filing and making a criminal complaint to police, as well as refusing to talk with DH and providing testimony in-court in a criminal proceeding are protected speech under the First Amendment to the United States Constitution. Board of Education, Country Club Hills School District 160 and Superintendent Thomas' retaliatory discharge of Dr. Nelson constituted a governmental violation of Dr. Nelson's free speech right to report DH's assault and threat to the police, Dr. Nelson's right not to speak to DH while criminal charges remained pending, and Dr. Nelson's right to provide in-court testimony in the prosecution of the charges against DH, guaranteed by the First Amendment, in violation of 42 U.S.C.A. §1983.

46. Board of Education, Country Club Hills School District 160 and Superintendent Thomas acted with malice and in reckless disregard of the law when they discharged Dr. Nelson in retaliation for making a criminal complaint to police against DH, refusing to talk with DH, and for her plan to provide testimony at the criminal in-court proceedings against DH in support of the charges.

47. As a result of the unlawful retaliatory discharge by defendants' Board of Education, Country Club Hills School District 160 and Superintendent Thomas, Dr. Nelson suffered loss of wages, loss of other employment benefits, loss of professional career advancement opportunities, emotional distress, and loss of job opportunities and was otherwise damaged.

Wherefore, plaintiff, Dr. Joyce L. Nelson, Ed.D., demands judgment against defendant Board of Education, Country Club Hills School District 160, and Superintendent Sandra Thomas for compensatory damages, plus costs of this action, attorney fees and such other relief as the Court deems just and equitable.

### *COUNT III – DEFAMATION –Per Se*

48. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 37 as though fully set for the herein.

49. At all material times, Superintendent Thomas knew and was well aware the Dr. Nelson was an experienced school administrator with the required academic and professional credentials for advancement to a higher district-level administrative position, including superintendent, human resources and/or other district-level professional staff positions.

50. At all times material, Superintendent Thomas knew and was aware that Dr. Nelson was actively applying for, and had applied for professional advancement to higher, district-level positions, including the position of superintendent in School District 160 and elsewhere within the southern areas of Chicago.

51. On or about July 18, 2015, Superintendent Sandra Thomas made a false public statement to the effect that: "Dr. Nelson had accepted a reassignment from being the Principal of Meadowview School to the position of Assistant Principal of Southwood Middle School in School District 160 for the academic year 2015-2016," knowing full-well at the time the statement was false and with the intent to damage and harm Dr. Nelson's professional reputation.

52. On or about August 3, 2015, and again on August 11, 2015, made an unprivileged publication of this false statement to School District 160 administrators and administrative staff, and improperly published this false information in correspondence and on the internet.

53. On or about August 10, 2015, Superintendent Thomas made a second false statement, to wit: "that Dr. Nelson had abandoned her position as Assistant Principal of Southwood Middle School in School District 160 for the academic year 2015-2016," knowing full-well at the time

the statement was false and with the intent to damage and harm Dr. Nelson's professional reputation.

54. On or about August 10, 2015, made an unprivileged publication of this false statement to School District 160 administrators and administrative staff, and improperly published this false information to members of the Board of Education, School District 160.

55. The publication of this false reassignment from the "Principal of Meadowview School" to the "Assistant Principal of Southwood Middle School" are words the impute an inability of Dr. Nelson to satisfactorily perform the employment duties and responsibilities in the position of a "Principal" and were intended to prejudice and damage Dr. Nelson's professional reputation as a professional, competent, and trustworthy school administrator qualified for advancement.

WHEREFORE, plaintiff, Dr. Joyce L. Nelson, Ed.D., prays that this Honorable Court enter judgment in favor of plaintiff and against defendants in an amount to compensate plaintiff for the irreparable damage to her personal and professional reputation as talented, experienced and well-respected educational professional with advanced career potential, and all costs associated with bringing this action, attorney fees and any other relief this court deems just and proper.

**PLAINTIFF DEMANDS A JURY**

Dr. Joyce L. Nelson, Ed.D.

By: */s/ Gregory T. Mitchell*
Gregory T. Mitchell
Attorney for Plaintiff

Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 100
Homewood, Illinois 60430
(708) 799-9325
Attorney No. 37742